IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA R. BETSINGER,)
)
        Plaintiff,)
)
  -vs-)   Civil Action No. 15-969
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since April 20, 2012. (ECF No. 7-5, pp. 17, 25). Administrative Law Judge ("ALJ"), Geoffrey Casher, held a hearing on August 6, 2014. (ECF No. 7-2, pp. 36-68). On October 1, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 22-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")[1]

Plaintiff asserts the ALJ erred in weighing the opinion evidence when formulating her RFC.[2] (ECF No. 10, pp. 14-19). Specifically, Plaintiff argues that the ALJ failed to provide "good reasons" for the partial weight given to the Plaintiff's treating psychiatrist, Dr. Orr. *Id.* Additionally, Plaintiff argues that the ALJ failed to address or even mention the opinion of Dr. Milke, a state agency non-examining reviewer. (ECF No. 10, p. 19). Therefore, according to Plaintiff, remand is necessary. After a review of the record, I agree.

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found that Plaintiff has the RFC "to perform a full range of work at all exertional levels" but with certain limitations. (ECF No. 7-2, p. 26).

3

In this case, the ALJ gave Dr. Orr partial weight. (ECF No. 7-2, p. 29). Dr. Orr found Plaintiff had marked limitations with multiple social interactions, including, *inter alia,* accepting instructions and responding appropriately to criticism from supervisors. (ECF No. 7-8, p. 23). The ALJ stated that he "has accommodated the claimant's marked limitations in the residual functional capacity to address her social limitations." (ECF No. 7-2, p. 29). Contrary to the ALJ's statement that he accommodated Plaintiff's marked social limitations as opined by Dr. Orr, however, the ALJ determined that Plaintiff had the RFC to interact occasionally with supervisors – a moderate limitation. (ECF No. 7-2, p. 26). This is baffling.

"It is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citation omitted). An ALJ can accept or reject opinion evidence, but he must give specific reason for doing so. Since the ALJ failed to provide any analysis as to why he ostensibly rejected the opinion evidence of Dr. Orr as it relates to Plaintiff's interaction with supervisors, I am unable to make a meaningful review as to whether the RFC is based on substantial evidence. Consequently, remand is warranted in this regard.[3]

Plaintiff also argues that the ALJ erred in failing to address, mention or weigh the opinion evidence of the non-examining state agency reviewer, Dr. Milke. (ECF No. 10, p. 19). After a review of the record, I find that the ALJ completely failed to mention the opinion of Dr. Milke. (ECF No. 7-3, pp. 26-47). While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, an ALJ must provide sufficient explanation of his or her

---

[3] Plaintiff further contends that the ALJ erred in failing to set forth adequate reasons for rejecting the remaining portions of Dr. Orr's opinion. (ECF No. 10, pp. 17-19). The ALJ apparently rejected the remaining portions Dr. Orr's opinion because it was "not consistent with the claimant's longitudinal history or treatment" and because "there is an issue with credibility of this opinion in that another individual may have examined the claimant at the same clinic." (ECF No. 7-2, p. 29). To begin with, the ALJ does not specifically identify what history or treatment he is referring. Furthermore, I cannot understand how someone else at the same clinic examining Plaintiff, without more, would have bearing on the weight given to Dr. Orr's opinion. Since I am remanding this case as set forth above, I advise the ALJ on remand to specifically, appropriately and adequately explained reasons for the weight he gives each opinion.

final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. The ALJ does not discuss, weigh or even mention the opinion of Dr. Milke. (ECF No. 7-2, pp. 22-31). The doctor's opinions, as part of the record, should have been discussed. 20 C.F.R. §§ 404.1527; 416.927. As a result, I am unable to tell if the ALJ considered and rejected the opinion or if he failed to consider the same. The ALJ's failure to discuss the opinions of Dr. Milke prohibits me from conducting a proper and meaningful review. Therefore, I find remand is warranted for further consideration on this issue as well. On remand, the ALJ must provide a more thorough and well-reasoned discussion of the evidence.

    **C.**    **Credibility**

Plaintiff also submits that the ALJ erred in assessing his credibility. (ECF No. 10, pp. 19-20). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. In this case, the ALJ found Plaintiff not entirely credible based, in part, on the medical evidence. (ECF No. 7-2, p. 27).

Since I have found that remand is warranted regarding the medical opinion evidence of Drs. Orr and Milke, the ALJ's credibility determination cannot stand and must be remanded.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA R. BETSINGER, )
)
        Plaintiff, )
)
-vs- )   Civil Action No. 15-969
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of June, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge